CALOGERO, Chief Justice (retired),
dissents and assigns reasons.
1 [A fair reading of La.Rev.Stat. 13:5107(D)(1) would lead to the conclusion that there is more than one plausible result in this case. Holding that the service request must actually be received by the Clerk of Court on or before the ninetieth day is more in line with the legislature’s intent to move cases, once filed, more quickly through the judicial system is a presumption with which I am not in agreement. That rationale, and its harsh result here, which so adversely affects the plaintiffs’ constitutional right of access to the courts, is not compelled by what the legislature has said. La.Rev.Stat. 13:5107(D)(1) dictates only that, when the State is sued, service of citation shall be requested within ninety days of commencement of the action. In my view, these plaintiffs made such timely request when they mailed the letter to the Clerk of Court on the last legal day asking for service of citation on the defendants.[1]

. The record shows that the Clerk of Court on November 8, 2006, received a letter containing service instructions and that this letter was dated November 2, 2006, the last day for timely requesting service because the ninetieth day, November 1, 2006, was a legal holiday. Coupled with the assertions of plaintiffs’ counsel that the letter was mailed on November 2, 2006, the trial court, in my view, had a sufficient evidentiary basis on which to find that the letter was in fact mailed within the ninety-day time period.